ISAAC SAPERSTEIN, Appellant, *v.* MOYER ULLMAN, Individually, and as Executor of AMELIA ULLMAN, Deceased, Respondent.

*Saperstein* v. *Ullman*, 49 App. Div. 446, affirmed.
(Argued April 18, 1901; decided October 18, 1901.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered March 29, 1900, reversing a judgment in favor of plaintiff entered upon the report of a referee.

*N. F. Breen* for appellant.

*Fred B. Pitcher* for respondent.

*Per Curiam.* We are of opinion that the result reached by the majority of the Appellate Division was correct, and that the order of that court granting a new trial must be affirmed. The action was at law against the defendant individually and as executor of his wife's will. The judgment granted at the Special Term was against the defendant, not individually, but as executor. As the action was at law execution on the judgment would run against the goods of his testatrix. It may well be that an action in equity could be maintained to charge the plaintiff's claim on such property as the deceased bequeathed to the defendant with which to carry on her business. This action is not of that character, and the trial court has not found what property was employed in the business. The modification of the judgment suggested by the minority of the Appellate Division would, therefore, have been unauthorized, and the proper action was that directed by the majority of the court — a new trial.

The order appealed from must be affirmed, and judgment absolute directed for the defendant on the stipulation, with costs.

VANN, J. (dissenting). In August, 1897, Amelia Ullman died, leaving a husband and four children her surviving. For several years before her death she had conducted a clothing

business through her husband as agent, and upon her death her property consisted of the assets of that business, a house and lot and some household furniture. By her will she gave her husband the use of all her property during his natural life charged with the support of her daughter Florence. In the same clause in which she thus gave a life estate to her husband, subject to said charge, she provided as follows : " It is my wish that my husband continue the clothing business as now conducted so long as he continues sober and of good habits to properly conduct the same, and my devise to him of the use during life of my real and personal property is upon condition that he does not again marry." After the death of his wife Mr. Ullman continued to carry on the clothing business, and this action was brought against him as executor to recover for goods sold to him in that capacity and used by him in said business.

It is established by a well-considered decision of this court, upon which both parties rely, that a testator may direct that his business be continued provided he expresses his intention in clear language. ( *Willis* v. *Sharp,* 113 N. Y. 586.) This case turns on the meaning of the words " my husband " as used in the clause of the will expressing the wish of the testatrix that the clothing business should be continued. If she meant by those words her husband as an individual, he had no' power to conduct the business as executor ; but if, on the other hand, she meant her husband as executor, he was authorized to purchase the goods in question as executor. We must assume from the context that the testatrix was not giving advice, but was giving directions in relation to her own property when she used the words under consideration. They occur in direct connection with the creation of a life estate and the placing of a charge thereupon. The same sentence limits the gift to the husband by the condition that he shall not marry again, and authorizes him to continue the clothing business, subject to the limitation that he should continue " sober and of good habits." It seems to me that she intended by those words that her husband as executor should continue the clothing business subject to said condition, for otherwise the most of the sentence has no effect. The presumption is that a direction contained in a

will, addressed to a person subsequently named as executor, is addressed to him in that capacity, and there is nothing to rebut the presumption. The intention that the clothing business should be continued is clearly expressed. It is equally clear that the testatrix intended that it should be conducted by a certain person named Moyer Ullman, and, as she had no power to direct him to continue the business except as executor, unless we hold that her language is utterly without force, we must hold that it was her intention that he should conduct the business as executor. It was only to him, as executor, that she could give a binding direction. She made her husband her sole executor, and in directing him to carry on her business, as I think, she directed him as executor because she could not direct him as an individual. She was not speaking to him as her husband, but as her executor, and she described him as might naturally be expected in an instrument so informally drawn.

The direction was doubtless limited to that portion of the testatrix's estate that was invested in the business, for she did not authorize the sale of her house and lot or of her household furniture by her executor, but gave them after his death to her children. The complaint was so amended upon the trial, without objection, as to demand general, which includes equitable, relief and the facts were undisputed. I think, therefore, that the assets of the business are bound by the judgment, and I agree with the dissenting opinion below that the judgment of the referee should be modified by inserting a provision that it shall not be a lien upon the house and lot, or satisfied out of the household furniture. I dissent from the conclusion reached by the majority and vote for a reversal of the judgment rendered by the Appellate Division and for a modification of the judgment rendered by the referee, as above indicated.

O'BRIEN, BARTLETT, MARTIN and CULLEN, JJ., concur for affirmance; PARKER, Ch. J., and LANDON, J., concur with VANN, J., for reversal.

Ordered accordingly.