(118 App. Div. 17)

MANHATTAN OIL CO. v. GILL et al.

(Supreme Court, Appellate Division, Second Department. March 22, 1907.)

PARTNERSHIP—CREATION OF RELATION.

Where a will directed an executor to continue testator's business until his youngest son should become 21 years old, and the business was conducted by the administrator with the will annexed, the executor having died, for more than a year after that time, when he assigned his interest in the property to the beneficiaries, who organized a corporation and transferred the property to it, taking stock according to their interests, and the business was conducted by the administrator, with the consent of the beneficiaries, and plaintiff dealt with the administrator, knowing his representative capacity, making its bills to the estate, and receiving checks in payment signed by the administrator, and one of the beneficiaries worked in the business as a clerk, at a weekly salary, the other beneficiaries having nothing to do with the conduct of the business, the beneficiaries were not partners, and could not be sued as such for goods furnished in the business: their assent to the administrator's continuing it beyond the time provided by the will not making them partners or liable personally in any capacity, and they being not individually liable because of the transfer to them of the property and the transfer by them to the corporation.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 38, Partnership, § 35.]

Appeal from Trial Term, Kings County.

Action by the Manhattan Oil Company against Thomas Gill and others. From a judgment for plaintiff, defendants appeal. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, HOOKER, and MILLER, JJ.

Albert G. McDonald, for appellants.

Herbert M. Johnston (Robert W. Thompson, Jr., on the brief), for respondent.

MILLER, J. This is an action at law to recover the purchase price of certain goods alleged to have been sold to the defendants as partners. The partnership is denied. The defendants are the beneficiaries under the will of Thomas Gill, deceased, which contained a provision directing his executors to continue his business until his youngest son should reach the age of 21 years. The business was conducted by the

defendant, George S. Gill, as administrator with the will annexed; the executor having died. Said youngest son, the defendant Thomas Gill, became of age February 18, 1899, but said administrator continued the business in the same manner until some time in April, 1900, when he assigned his interest in the property to the other defendants, who organized a corporation and transferred the property to it, taking stock in proportion to their interests. It appears that said business was conducted by said George S. Gill, as administrator aforesaid, with the consent of all of said beneficiaries, who released the surety on his bond as administrator from all liability to them on account of the continuance of said business, doubtless because the surety did not want to hazard the risks of said business. The plaintiff dealt with said George S. Gill, understanding fully his representative capacity, made its bills to the estate of Thomas Gill, and received checks in payment signed: "Estate of Thomas Gill, George S. Gill, Admr." Said defendant Thomas Gill worked for the said George S. Gill as a clerk at a weekly salary. The other defendants had nothing whatever to do with the conduct of said business.

The foregoing is a recital of all the essential facts, and I apprehend it will be impossible to find in the books a single authority to sustain the action, and certainly upon principle it cannot be maintained in its present form. The relation of partnership can be created only by contract. The defendants were not partners, nor did they hold themselves out to the world as such. The plaintiff dealt with an administrator whose authority they were bound to know. Many of the cases dealing with the continuation by the representative in the business in which the decedent was interested, either as partner or as sole proprietor, are collated in 18 Cyc. p. 241, et seq., and a statement of the rules applicable to such a situation may be found in the opinion of Judge Andrews in Willis v. Sharp, 113 N. Y. 586, 21 N. E. 705, 4 L. R. A. 493, a leading case in this state. That case decided that an executor might continue the business, and that the general assets might be liable for the debts created in case of the insolvency of the executor where the testator by explicit and unequivocal language so directed. The executor, however, cannot continue the business unless plainly authorized to do so, and in case he does without explicit authority the creditors must look to him individually (Saperstein v. Ullman, 168 N. Y. 636, 61 N. E. 553; D., L. & W. R. R. Co. v. Gilbert, 44 Hun, 201, affirmed on opinion below, 112 N. Y. 673, 20 N. E. 416), and, even though the executor is explicitly authorized to continue the business, he cannot bind the general assets of his estate unless authorized to do so (Columbus Watch Co. v. Hodenpyl, 135 N. Y. 430, 32 N. E. 239; Burwell v. Cawood, 2 How. [U. S.] 560, 11 L. Ed. 378). In the case at bar the executor was authorized to continue the business. He was not authorized, however, to involve the general assets of the estate. Therefore persons dealing with him were bound to know that they could resort only to the property embarked in the business. They could not even have recourse to the general assets of the estate, much less could they look to the beneficiaries individually, and the assent of the beneficiaries to what the will explicitly authorized could upon no possible theory make them personally liable. To be sure, the

administrator continued the business a year after he probably should have brought it to a close, and this was not strictly within the letter of his instructions, and must be deemed to have been assented to by said beneficiaries, but such assent did not make them partners or liable personally in any capacity. It merely made the transaction a valid one as between the parties thus assenting to it (Stewart v. Robinson, 115 N. Y. 328, 22 N. E. 160, 163, 5 L. R. A. 410; Bell v. Hepworth, 134 N. Y. 442, 31 N. E. 918); nor can the defendants be made individually liable in this action because of the transfer to them of the property and the transfer of it by them to the corporation of which they were stockholders. I do not say that the creditor had no equitable lien upon the property, or that in an appropriate action he could not secure the enforcement of that lien or in lieu thereof have some remedy against those receiving the property; nor need we undertake to decide what remedy the plaintiff might have against the said George S. Gill, either individually or in his representative capacity. The respondent cites cases in which legatees and devisees have continued the business of their testator as partners, but those cases can have no application to a case in which the business was conducted by an administrator as such.

The judgment and order should be reversed.

Judgment and order reversed, and new trial ordered; costs to abide the event. All concur.