In the Matter of the Estate of SAMUEL BAWER, Deceased.

Surrogate's Court, Bronx County, July 24, 1930.

*George V. Grainger*, for the administrator.

*Silverman & Mann* [*Julius Paull* of counsel], for Alvin Braunstein and others.

*Morris H. Weidenbaum*, for Charles Presser.

*Benjamin Barondess*, for Irving L. Lichtenstein.

*Emil K. Ellis*, for Joseph Levine.

HENDERSON, S. The disputed claims herein are decided as follows:

Banowitz Brothers, claim No. 20, dismissed. Percival Singerman, claim No. 25, dismissed. Joseph Levine, claim No. 31, the claim for salary said to have accrued after decedent's death, is disallowed; the claim is allowed as to the balance. Bowery and East River National Bank, claim No. 32, allowed in the sum of $14,513.10, which is the balance still due, with interest from the due dates of the respective notes. Spark's Research Bureau, claim No. 54, dismissed. H. M. Koenigswerther, Inc., claim No. 73, dismissed. Edward Bronstein, claim No. 78, dismissed. Max Golinko, claim No. 88, dismissed. Louis Sage, claim No. 89, allowed in the sum of $1,206.20. Additional compensation in the sum of $300 is allowed to the administrator. A number of the employees of the decedent have asked that their claims for wages be preferred under section 212 of the Surrogate's Court Act. Counsel has pointed out that there is an analogy between the position of the employees herein and those in bankruptcy cases, cases where a receiver has been appointed and where there has been an assignment for the benefit of creditors. The decedent herein was insolvent at the time of his death, but no petition in bankruptcy had been filed, no receiver had been appointed and he had made no assignment for the benefit of creditors. While the present situation is perhaps analogous to the preference of debts due employees under the circumstances above outlined, those laws do not come within the provisions of section 212 of the Surrogate's Court Act. Under the laws of some of the States the preference here asked is granted, but if the Legislature of the State of New York had intended that debts due employees of decedents should receive priority over other debts under subdivision 4 of that section, it is reasonable to assume that the statute would clearly express such an intent. The claims for preference are disallowed. Settle decision and decree accordingly.