In the Matter of the Estate of CHARLES E. ROWLAND, Deceased.

Surrogate's Court, Onondaga County, October 31, 1938.

*Hancock, Dorr, Ryan & Shove,* for Winifred Woodard Rowland, as executrix, etc.

*Brewster & Johnson,* for the Onondaga County Savings Bank.

*Robert M. Snow,* for Nina Fellows Braun.

*Robert V. Naylor,* for Central Offices, Inc.

SADLER, S. Nina Fellows Braun has filed a claim for $163 in this estate, which has been allowed by the executrix as a valid claim. The claim is for wages as a domestic. The estate is insolvent, and the claimant alleges that said claim should be allowed and paid prior to the claims of general creditors and judgment creditors.

The appellate courts have not ruled directly upon the question, and the decisions of the lower courts are conflicting.

The following cases hold that a wage claimant is not entitled to a preference: *Matter of Bawer* (137 Misc. 646); *Matter of Paine* (140 id. 928); *Matter of Phillips* (169 id. 861).

The case of *Matter of Goodwin* (163 Misc. 273), which holds to the contrary, was decided after the *Bawer* and *Paine* cases (*supra*), but the *Phillips* case was decided by Surrogate DELEHANTY subsequent to the *Goodwin* case and is the last decision involving the question at issue by the Surrogate's Court.

I am of the opinion, and accordingly decide, that " The Legislature should not be presumed to have created a new preference in decedent estate administrations while leaving undisturbed the text of section 212 of the Surrogate's Court Act."

The claim of preference of the wage claimant is in all respects denied.

Decree may be entered accordingly.