In the Matter of the Estate of ABRAHAM DAMSKY, Deceased.

Surrogate's Court, Kings County. November 27, 1940.

*David Groberg*, for the Wholesale Utilities Corporation, petitioner.

*Gruber & Gruber*, for Bernard Damsky, as administrator, etc., respondent.

DODD, J., Acting Surrogate. The present application, whereas merely a routine motion for the examination of an opponent before trial pursuant to the provisions of section 288 of the Civil Practice Act, involves two legal questions which possess somewhat more than passing interest.

The main proceeding to which this motion is incidental is to compel the administrator to file and proceed to settle an account in his representative capacity. The petitioner alleges a status as a creditor of the estate and of the administrator in his fiduciary capacity, although, confessedly, the consideration upon which his claim is predicated is merchandise sold subsequent to the death of the decedent in the continuance of the business of the decedent by the administrator.

It is a well-established and familiar rule that in the usual situation an administrator possesses no authority for the continuance of the business of his intestate (*Willis* v. *Sharp*, 113 N. Y. 586, 589; *Columbus Watch Co.*, v. *Hodenpyl*, 135 id. 430, 434; *Manhattan Oil Co.* v. *Gill*, 118 App. Div. 17, 18; *Matter of McCollum*, 80 id. 362, 363), wherefore, had the petition in this proceeding alleged merely the foregoing facts, it would have been vulnerable to a motion for judgment on the pleadings.

The Appellate Division for this Department, however, in *Philco Radio & Television Corp.* v. *Damsky* (250 App. Div. 485), whereas recognizing the cogency of the usually applicable legal principle noted, determined in effect that " the consent of the beneficiaries * * * may be deemed equivalent * * * to the authorization by a testator in his will for the purpose of fixing responsibility for debts subsequently incurred."

The petitioner in the present proceeding has brought its pleadings within this exception by alleging that the business of the decedent was continued by the administrator in his representative capacity " for and on behalf of the distributees of the said Estate * * * and at the request, permission and consent of all of the said distributees." These allegations are categorically denied in the answer of the administrator. It is obvious from the statement of the usual rule respecting the liability of estate assets for the debts of a continued business and the exception to that rule enunciated in the *Philco* case, that as between the estate and its distributees on the one hand and a subsequent creditor on the other, the latter would possess no rights against the estate assets in the absence of authorization by the distributees of the administrator for the continuance of the business and would possess such rights only if authorization or ratification had occurred. As a result, allegation and proof of such acts are essential requirements to the successful prosecution of an action or proceeding seeking to charge the assets of the estate with the obligation.

In order to recover directly from the assets of an estate in respect of an obligation created after the death of a decedent, the creditor must, however, make a further demonstration.

It is the usual rule that no executor or administrator possesses the authority to bind the estate by new contracts, entered into after the death of the decedent (*O'Brien* v. *Jackson*, 167 N. Y. 31, 33; *Austin* v. *Munro*, 47 id. 360, 366; *Matter of Meng*, 227 id. 264, 270; *Dodd* v. *Anderson*, 197 id. 466, 471; *Smith* v. *Peyrot*, 201 id. 210, 215; *Ferrin* v. *Myrick*, 41 id. 315, 324; *Matter of Van Slooten* v. *Dodge*, 145 id. 327, 332; *Parker* v. *Day*, 155 id. 383, 387), and that such contracts bind the fiduciary as an individual only (*Willis* v. *Sharp*, 113 N. Y. 586, 591; *Matter of Glass*, 134 Misc. 291, 294), by reason of which fact recovery by the subsequent obligee is usually permissible only against the fiduciary in the first instance.

It is, however, equally established that whereas in primary legal theory the administrator or executor is supposed to satisfy such obligations from his own funds as a matter of first impression (*Shaffer* v. *Bacon*, 35 App. Div. 248, 251; affd., 161 N. Y. 635; *Matter of Rosenberg*, 169 Misc. 92, 95), yet, if the expenditure was necessary and proper in the interests of the estate, he is entitled to be indemnified therefor from its assets. (*Corn Exchange Bank Trust Co.* v. *Bankers Trust Co.*, 268 N. Y. 224, 227; *Matter of Maxwell*, 218 id. 88, 90; *Downing* v. *Marshall*, 37 id. 380, 388; *Wetmore* v. *Parker*, 52 id 450, 466; *Matter of Ziegler*, 170 Misc. 748, 751.)

Since in such a situation the solution of the new obligation must ultimately come from the assets of the estate, it has been held that where a rightful obligation, properly payable from the assets of the estate, exists, and the usual primary remedy against the fiduciary in his individual capacity is unavailable to the creditor by reason of the insolvency of the fiduciary, the obligee may in the first instance proceed against the assets of the estate or that portion thereof, if less than the entirety, which was dedicated to the continuance of the business, in effect short-circuiting the worthless remedy against the fiduciary as an individual. (*Willis* v. *Sharp*, 113 N. Y. 586, 591, 592; *Columbus Watch Co.* v. *Hodenpyl*, 135 id. 430, 434, 435; *O'Brien* v. *Jackson*, 167 id. 31, 35; *Hamlin* v. *Smith*, 72 App. Div. 601, 609; *Matter of Gorra*, 135 Misc. 93, 100.)

This procedure, when permissible, is simply a particular application of the usual equitable principle of subrogation. To be applicable, however, the essential condition precedent of personal insolvency of the primary obligor, namely, the administrator, must be alleged and proved, under penalty of dismissal of the proceeding on the ground that it should have been instituted against the administrator in his individual capacity. Such an allegation is incorporated in the " Sixteenth " paragraph of the petition and has expressly been traversed in the answer.

It will be obvious from the foregoing considerations that the issues which have been joined herein respecting the continuance of the business by the administrator for the benefit of the estate, at the request and with the permission and consent of the distributees, that the merchandise furnished by the petitioner was supplied to the administrator as such, and used by him in the continuance of the business, and that he is incapable of responding to a judgment recovered therefor against him in his personal capacity, are all essential demonstrations to the grant of relief, and that as to all of them the burden of proof rests upon the petitioner. By reason of this fact, it is entitled, on usual principles, to an examination of the administrator before trial for the development of evidence which will aid it in sustaining its burden on these issues.

The motion for examination will accordingly be granted in the discretion of the court.

Enter order on notice in conformity herewith.