In the Matter of the Accounting of AGATINO RICCIARDI, as Administrator of the Estate of JOHN RICCIARDI, Deceased.

Surrogate's Court, Ulster County, April 10, 1947.

*Arthur B. Ewig* and *Edward J. Fontana* for administrator.

*Edward L. Cole* for Lucy Ricciardi and others, claimants.

*Henry J. Grassotti* for Antonino Caniniti and another, claimants.

*Frederick V. McGowan* for National Surety Company.

*Ben Aaronson* for the New York State Department of Labor.

STERLEY, S. The issues before the court in the above-entitled matter arise in connection with the accounting in the estate of John Ricciardi, also known as Giovanni Ricciardi.

There have been several wage claims presented to the administrator in the above estate and if such wage claims as are to be determined as valid are given a preference then the balance of the estate will be insufficient to pay other claims existing in this matter.

The question presented to the court here is whether or not such wage claims, if legally established, are entitled to a preference as against the remaining assets of the above estate. The proceeding here would seem to be an interpretation and

construction of section 212 of the Surrogate's Court Act in relation to payment of debts and particularly subdivision 1 of section 212 as follows: "Debts entitled to a preference under the laws of the United States and the state of New York." There appear to have been very few cases in which any of the Surrogates have considered the question herewith presented. The decision, however, of the learned Surrogate WINGATE of Kings County as reported in *Matter of Goodwin* (163 Misc. 273) seems to be a fair and reasonable interpretation of the said section 212 of the Surrogate's Court Act. The said learned Surrogate in the above-mentioned decision stated as follows (p. 278): "In the course of broadening social consciousness, it has come to be the belief of a majority of the citizenry that persons of the classes in whose interests the Workmen's Compensation Law was enacted are entitled to special consideration in their persons and earnings. The Legislatures of this and other States have shown themselves responsive to this sentiment, and, in the opinion of this court, judicial tribunal should not be backward in interpreting these remedial acts in a liberal and sympathetic spirit. This was the effort which this court made in the *Epstein* case, and it has seen no reason to regret the result there attained. Many of the observations then made (see 154 Misc. 777, 778) are equally applicable to the present situation.

"If, as was therein decided, premiums for workmen's compensation insurance are entitled to a preference in payment from an insolvent decedent's estate under section 130 of the Workmen's Compensation Law, and if, as is expressly provided in the closing sentence of this section, ' claims for wages [are entitled to] prior preference,' it follows that the claims for preference for wages in the present proceeding are well founded and must be allowed under subdivision 1 of section 212 of the Surrogate's Court Act."

This court regards the above decision as being entirely in the spirit of the intent of the Legislature in the reading of section 212 of the Surrogate's Court Act in connection with that of the Workmen's Compensation Law of the State of New York. It would seem that the Legislature must have intended to give preference to those who depend upon a living for wages paid. Such a determination as a matter of justice to all would require that this court render its decision in this particular case upon the basis of the decision of the learned Surrogate WINGATE. Therefore, this court holds that the claims

for wages in the above-entitled proceeding are entitled to a preference, if and when this court shall determine the validity of such wage claims.

A decree may be entered accordingly.