In the Matter of the Estate of JAY C. O'BRIEN, Deceased.

Surrogate's Court, Queens County, January 14, 1949.

*Hamburger & Green* for Employers Mutual Liability Insurance Company of Wisconsin, petitioner.

*Duer, Strong & Whitehead* for Howard F. Williams, as administrator *c. t. a.* of Jay C. O'Brien, deceased, respondent.

SAVARESE, S. Jay C. O'Brien procured at different times from the petitioner, an insurance company, two one-year workmen's compensation policies. He died on April 26, 1947, and at which time petitioner claims there was an accrued and unpaid premium thereon of $292.09, which it now seeks to compel his administrator *c. t. a.* to pay as a debt entitled to a preference under section 130 of the Workmen's Compensation Law and section 212 of the Surrogate's Court Act. The answer of the respondent merely denies the asserted preference. The issue has been submitted for determination upon the pleadings.

Section 130 of the Workmen's Compensation Law provides that all premiums and interest charges on account of policies insuring employers against liability for workmen's compensation claims " shall be deemed preferred claims in all insolvency or bankruptcy proceedings, trustee proceedings for administration of estates and receiverships involving the employer liable therefor or the property of such employer, provided, however, that claims for wages shall receive prior preference in all such proceedings." Under this section the claim of an insurer for an unpaid premium on a workmen's compensation policy has been accorded a preference in payment from an insolvent decedent's estate. (*Matter of Epstein,* 154 Misc. 776.) There the Surrogate regarded the administration of an insolvent decedent's estate as an "insolvency proceeding " and also as within the description of " trustee proceedings for the administration of estates." The final clause of the above-quoted section makes wage claims superior in right to compensation premiums " in all such proceedings." In construing this clause in conjunction with subdivision 1 of section 212 of the Surrogate's Court Act, Surrogate WINGATE adhered to his views expressed in *Matter of Epstein* (*supra*), and decided that wage claims were entitled to preferences in payment from an insolvent decedent's estate. (*Matter of Goodwin,* 163 Misc. 273.) A contrary conclusion was reached in *Matter of Phillips* (169 Misc. 86). There Surrogate DELE-

HANTY held that debts to private persons were not in any case entitled to a preference in payment under subdivision 1 of section 212 of the Surrogate's Court Act and that the phrase used in section 130 of the Workmen's Compensation Law — " trustee proceedings for administration of estates " — has no application to the administration of the estate of a deceased person. I am in accord with his conclusion. The statute particularly enumerates and limits the proceedings in which a preference is to be granted to insolvency or bankruptcy proceedings, trustee proceedings for administration of estates and receiverships. Such proceedings concern living insolvent persons and are had in courts other than a Surrogate's Court. See *Matter of Nifeneger,* 177 Misc. 198.) Nowhere in the statute is there express mention of a deceased employer, his legal representative or his estate. If the Legislature intended to accord a preference where the employer was deceased it would have employed language more descriptive of such situation. The phrase " trustee proceedings for the administration of estates " refers to proceedings involving the appointment of and administration by a trustee of the estate of a debtor for the benefit of his creditors as provided for in article 7 of the Debtor and Creditor Law. My conclusion is that the statute does not authorize the claimed preference and, consequently, the application, insofar as it seeks to compel payment of the unpaid premium as a preferred debt, is denied.

A priority in payment is sought with respect to a claim for $91.86, being the premium earned on a policy after decedent's death and during the administration of his estate, on the ground that it is an administration expense. Although the petition alleges that " a true copy " of the claim is annexed thereto, it has not been done. It merely alleges that one of the policies became effective on November 13, 1946, and remained " in full force and effect " until August 20, 1947; that respondent on June 25, 1947, sold and disposed of a bowling alley business operated by the testator in his lifetime and that the sum in question represents the premium earned on the policy during the interval between decedent's death and the sale of the business. The allegations of the petition are too meagre to permit the allowance of the claim on the ground alleged. Nowhere is it stated that the business was continued by the respondent. Statements to that effect and as to other matters contained in petitioner's memorandum cannot be used to supply the defects in the petition. Even if it be assumed that the business was continued by the representative there is no allegation that it was done pursuant to

any authority contained in the will. The will has neither been submitted nor stated to have been probated. The court can only assume that there was a will in view of respondent's designation as an administrator *c. t. a.* That all the circumstances essential to a proper determination have not been shown here is demonstrated by the cases dealing with the power of a representative to continue a decedent's business either in accordance with a will or temporarily, the liability or freedom from liability of the representative for so doing and the rights of creditors of a testator and so-called business creditors. (See *Willis* v. *Sharp,* 113 N. Y. 586; *Columbus Watch Co.* v. *Hodenpyl,* 135 N. Y. 430; *Manhattan Oil Co.* v. *Gill,* 118 App. Div. 17; *Matter of Glass,* 134 Misc. 291; *Matter of Gorra,* 135 Misc. 93; *Philco Radio & Television Corp.* v. *Damsky,* 250 App. Div. 485; *Matter of Damsky,* 175 Misc. 460; *Matter of Wolf,* N. Y. L. J., Sept. 14, 1943, p. 531, col. 4, FOLEY, S.) In view of the deficiencies in the petition the court is unable to pass upon the claim and the petition is dismissed with respect thereto with leave to petitioner to serve and file an amended petition within ten days, or it may elect to have the claim heard and determined upon the judicial settlement of respondent's account. Proceed accordingly.