In the Matter of the Estate of Thomas J. P. Cawley, Deceased.

Surrogate's Court, Suffolk County, March 28, 1955.

Claim against estate of deceased person.

*Harold B. Epp* for L. Viola Rudloff, claimant.

*Morris A. Fuerstein* for Thomas J. P. Cawley, Jr., and another, as executors of Thomas J. P. Cawley, deceased.

Hazleton, S. This estate is insolvent. The claimant, who was employed by decedent as his secretary, seeks to recover $4,782.28, allegedly loaned decedent, and $2,050 for unpaid salary. Claimant contends that by reason of subdivision 1 of section 212 of the Surrogate's Court Act, and section 130 of the Workmen's Compensation Law, her claim for unpaid salary should be preferred.

It is clear that the claimant is entitled to the money she claims she advanced decedent, as well as the sum remaining unpaid for services rendered as secretary to the decedent.

However, when it comes to the contention of claimant that her unpaid salary should be considered as a preferred claim, I must disagree and refer counsel for claimant to the scholarly decision of Surrogate DELEHANTY upon this point in *Matter of Phillips* (169 Misc. 86, 91). " The review thus made of the history of the section requires the conclusion that debts to *private* persons can in no case claim preference under subdivision 1 of section 212 of the Surrogate's Court Act." Said section solely concerns debts due to the United States and debts due to the State of New York.

In respect of the argument that section 130 of the Workmen's Compensation Law prefers the claim under consideration, clearly said section has no application whatever to the administration of the estate of a deceased person. The preference prayed for is therefore denied.

Submit decree accordingly on notice.