John D. Bennett, S.
The objections of Nassau-McGowan Paint & Hardware, Inc., are dismissed for failure to prosecute.
*35 The Boyal Indemnity Company seeks a preference in the payment of its claim of $1,291.76, pursuant to the provisions of section 130 of the Workmen’s Compensation Law and section 212 of the Surrogate’s Court Act. The sum represents premiums due on a workmen’s compensation policy and an employees’ disability benefits policy.
A preference for these claims representing workmen’s compensation and employees’ disability benefits premiums is denied (Matter of O’Brien, 194 Misc. 44). Although there is some authority to the contrary (Matter of Epstein, 154 Misc. 776; Matter of Goodwin, 163 Misc. 273; Matter of Ricciardi, 189 Misc. 174), the better rule seems to be that set forth in Matter of O’Brien (supra). (See Matter of Cawley, 207 Misc. 534; Matter of Nifeneger, 177 Misc. 198; Matter of Rowland, 169 Misc. 303; Matter of Phillips, 169 Misc. 86.)
The incidental relief requested in the petition is granted.
As to the fees for the attorneys representing the accountant, said attorneys are directed to file an affidavit of their services and give notice to all interested parties by mailing that such affidavit has been filed. Any objection to the fees requested in said affidavit should be received by this court not later than 15 days following the date of service of the notice.
The settlement of the account will be held in abeyance pending determination of the attorneys’ fees.