In the Matter of the Accounting of A. EUGENE PATTISON, as Administrator of the Estate of MARIE S. LIVINGSTON, Deceased, Respondent. IDA MICHEL, Appellant; K. DENISE LIVINGSTON et al., Respondents.

First Department, October 24, 1961.

*Antonio Mareno* of counsel (*Mary B. Tarcher,* attorney), for appellant.

*Irving Barry* of counsel (*Barry & Katzman,* attorneys), for A. Eugene Pattison, as administrator of the estate of Marie S. Livingston, deceased, respondent.

EAGER, J. The decree of Surrogate's Court, entered herein on March 24, 1961, in the matter of the final judicial settlement of the accounts of the respondent administrator, denied preference in payment of appellant's unpaid wage claim, and she appeals.

The decedent's estate is insolvent and the assets thereof are not sufficient to pay judgments entitled to priority under section 212 of the Surrogate's Court Act. The appellant, who was an employee of the decedent, had a small claim for unpaid wages. In her claim to a right to preference in the payment thereof, she relies upon the provisions of subdivision 1 of section 212 of the Surrogate's Court Act, and section 130 of the Workmen's Compensation Law.

Said subdivision 1 of section 212 of the Surrogate's Court Act provides for the payment first by an executor or administrator of "Debts entitled to a preference under the laws of the United States and the state of New York". It was well settled, however, that these provisions did not, as read with existing law at time of enactment thereof, create a preference in favor of a claim for unpaid wages against the assets of a decedent's estate. (See 3 Warren's Heaton, Surrogates' Courts, § 281, par. 6[b]; 4 Jessup-Redfield, Surrogates Law and Practice, § 3282; *Matter of Bawer*, 137 Misc. 646; *Matter of Paine*, 140 Misc. 928; *Matter of Phillips*, 169 Misc. 86; *Matter of Rowland*, 169 Misc. 303.)

Section 130 of the Workmen's Compensation Law, enacted in 1931, reads as follows: "§ 130. Workmen's compensation premiums shall be deemed preferred claims. All premiums and interest charges on account of policies insuring employers against liability under this chapter which may be due to the state insurance fund, or any stock corporation or mutual association authorized to transact the business of insurance in this state, and all judgments recovered by the state insurance fund or any such insurance corporation or association against any employer on actions brought under any such policy, shall be deemed preferred claims in all insolvency or bankruptcy proceedings, trustee proceedings for administration of estates and receiverships involving the employer liable therefor or the property of such employer, *provided however that claims for wages shall receive prior preference in all such proceedings.*" (L. 1931, ch. 508, eff. April 20, 1931; emphasis supplied.)

We are concerned here with the effect to be given the final phrase in said section 130. Such phrase appears to be in the nature of a proviso. According to the general rules for statutory construction, the words "provided, however", are deemed to denote the expression of a limitation or exception. "It is the province of a proviso to restrain the enacting clause, to take something back from the power first declared, to except something which would otherwise have been within it, or in some measure to modify the enacting clause." (McKinney's Cons. Laws of N. Y., Statutes, Book 1, § 212.) Since a proviso is usually designed to limit or qualify, in the absence of a contrary legislative intention, clearly evinced, it is not to be construed as effecting independent legislation. (See McKinney's, Statutes, § 212, *supra*; 82 C. J. S., Statutes, § 381.)

Furthermore, legislative intention clearly indicates that the final phrase of said section 130 is to be limited to the status of a mere proviso. As is apparent from its heading and wording, the purpose of the section was to create a preference in favor

of claims for unpaid premiums and interest charges owing in connection with workmen's compensation policies. Then, this proviso at the very end was added to the section merely to save existing preference rights of wage claimants. All this is confirmed by an examination of the legislative history. For instance, Hon. Frances Perkins, Industrial Commissioner, in setting out the purpose of said section 130, in her Memorandum, upon which the Governor acted in signing the bill, stated: " This bill *without disturbing in any way the present priority of wages as a preferred claim, in insolvency or trustee proceedings,* grants to compensation insurance carriers a preference also in such proceedings for premiums and interest charges due and unpaid, and to all judgments recovered by either the state insurance fund or any other insurance carrier against an employer on actions brought under the policy. The preference given, however, is subordinate to *that now accorded wage claims in such proceedings.*" (Emphasis supplied by court here.)

We conclude, therefore, that section 130 of the Workmen's Compensation Law was not intended to create in wage claimants a right to a preference in those cases where such a right did not exist. It may not be read with section 212 of the Surrogate's Court Act to have that effect. (See *Matter of Phillips, supra,* p. 92.) Thus, there is no provision in the existing law for preference in payment of wage claims in the settlement of decedents' estates. Therefore, the decree, insofar as appealed from, should be affirmed upon the law and the facts, with costs to the respondent administrator payable out of the estate.

BOTEIN, P. J., BREITEL, RABIN and STEVENS, JJ., concur.

Decree so far as appealed from unanimously affirmed, upon the law and upon the facts, with costs to the respondent administrator payable out of the estate.