(53 Misc. Rep. 79)

AMERICAN SURETY CO. v. McGUIRE et al.

(Supreme Court, Special Term, Kings County. April 5, 1907.)

ADMINISTRATORS — MANAGEMENT OF ESTATE — CONTINUANCE OF DECEDENT'S BUSINESS.

Where decedent's business was continued by his administrator, a creditor whose claim arose after the death of decedent is entitled in equity, upon showing the insolvency of the administrator and that the business into which his goods went was profitable to the estate, to have the profit applied to his debt, or, upon showing that the business was continued with the consent of all parties interested, to have the assets of the estate invested in it first used in payment of his debt.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 22, Executors and Administrators, §§ 975–1001.]

Action by the American Surety Company against William J. McGuire, executor of the will of Michael J. Moran, and others. Motion by the Hudson River Bluestone Company to be made a party to the action. Motion granted.

Hamilton & Beckett, for plaintiff.
Reed & Pallister, for Hudson River Bluestone Co.
John T. McGovern, for estate of John W. Moran and defendant Guilfoyle.
Dykman, Carr & Kuhn, for defendant Church of Nativity.
Ketcham & Owens, for defendant McGuire.

CRANE, J. This action is brought by the above surety company, the surety upon the official bond of Michael J. Moran, administrator of the estate of John W. Moran, to compel, among other things, an accounting of the acts and deeds of said Michael J. Moran, a determination of its liability, if any, and its discharge. John W. Moran in his lifetime

was in the bluestone business, which, on his decease, the administrator Michael J. Moran, continued, incurring certain liabilities which have not been paid. Michael J. Moran died without accounting, and William J. McGuire is executor of his will, while John Guilfoyle has been appointed administrator de bonis non of the goods, etc., of John W. Moran, deceased. This motion has been made in behalf of the Hudson River Bluestone Company, a creditor of the bluestone business conducted by Michael J. Moran, as administrator, to be made a party to this action. The indebtedness upon which the Hudson River Company bases its claim arose and was incurred since the death of John W. Moran.

In Willis v. Sharp, 113 N. Y. 586, 21 N. E. 705, 4 L. R. A. 493, and 115 N. Y. 396, 22 N. E. 149, 5 L. R. A. 636, it was held, regarding an insolvent executor, that, if he continued a business pursuant to the authority of the will, the fund invested in the business would be subject to the trade debts, but that the entire estate would be liable if the will directed in clear terms the investment and use of the general assets. Creditors of the business, however, prior to the death of the testator, could not be postponed, or bound by any direction to continue and carry on the business, although, if a profit were the result of the continuance, it should first be applied to the debts incurred in the successful enterprise of the executor. These are the general rules expressed in the above case, and can readily be applied to the case of an insolvent administrator. If, for instance, he continue a business at a loss, the loss falls upon him individually, and not upon the assets or the estate; but if his work results in a profit, while this increase would go to the benefit of the estate or its creditors, yet it should in equity first be used in paying those debts incurred in carrying on the business and swelling the assets. Again, if the business were continued by the administrator at the request and upon the consent of all parties interested, creditors and next of kin, then certainly the funds of the estate thus ventured in the trade or invested in the business should in equity be first applied to pay the debts incurred by the venture, if the administrator prove to be insolvent.

Applying these rules to the case, we have the plaintiff asking in a court of equity for an accounting by the estate of Michael J. Moran of his acts as administrator of the estate of John W. Moran. The same principles apply as if Michael J. Moran himself were seeking in this court for an accounting. His acts and accounts would include the business continued by him. The estate of John W. would have a right to demand an accounting for the profit, if any. And would creditors like the petitioner have any rights? I think they would, they could come into equity and seek to show the insolvency of the administrator, that the business into which they put their goods was profitable to the estate, and ask to have the profit applied to their debt, or they could show that the stoneyard was continued with the consent of all parties and ask to have the funds and assets invested in it first used in payment of their claims. The fact that a receiver is custodian of these trade funds, or that the surety company plaintiff may not be liable to creditors like the petitioner, in no way affects the question, as in an accounting others may have rights in equity besides the plaintiff.

Petitioner's motion to intervene and become a party granted.