In the Matter of the General Assignment for the Benefit of Creditors of Paris Shoe Co., Inc., Assignor, to Mario J. Cariello, Assignee.*

Supreme Court, Special Term, Kings County, March 12, 1937.

*George Napolino*, for the assignee.

*Paul Windels, Corporation Counsel [Edmund B. Hennefeld* of counsel], for the City of New York.

*John J. Bennett, Jr., Attorney-General [George F. Mullay* of counsel], for the State of New York.

---

* On motion for reargument, see 165 Misc. 397.

SMITH, J.  In this assignment for the benefit of creditors the assignee has in his possession, available for distribution to creditors, a balance of thirty-six dollars and eighty-five cents.  The State of New York has filed a claim for twenty-five dollars covering the 1935 corporate franchise tax, which the assignor failed to pay. The city of New York has filed a claim for $100 covering accrued sales tax, which the assignor also failed to pay.  It does not appear, in either case, that any demand, assessment or levy was ever made.  Apparently it was after the assignment that both the city and the State liquidated their respective claims, and they now assert them for the first time in this proceeding.  The assignee has allowed them as claims preferred over those of general creditors. However, the State contends that in the payment of its claim it is entitled to priority over the city.  The assignee now makes this application for instructions as to whether such priority should be recognized.

The law is now well settled that in the distribution of the assets of an insolvent preference over general creditors must be given to taxes and debts due the State as well as the city and every political subdivision acting in the performance of a governmental or sovereign function.  (*Matter of Atlas Television Co., Inc.*, 273 N. Y. 51; *Matter of Rockaway Paint Centre, Inc.*, 249 App. Div. 66.)  These cases specifically hold that the sales tax imposed by the city of New York enjoys such preference.  By express provision of the Bankruptcy Act all taxes, whether due to the United States, the State, the county or municipality are placed on a parity and one political subdivision cannot obtain a preference over another.  (*Missouri* v. *Ross*, 299 U. S. 72.)  But, of course, the rule of distribution under the Bankruptcy Act cannot be controlling here.

The State, however, takes the position that, while both claims may be entitled to priority over the claims of general creditors, its claim is entitled to priority over the city's claim because the State franchise tax on corporations is expressly made a lien upon the assets of the corporation " until the same is paid in full." (Tax Law, § 219-c.)  The question presented, therefore, is whether the lien thus granted has the effect of making the State's claim " first preferred " and the city's claim " second preferred."  In my opinion it has no such effect.  I believe that both claims are of equal rank and that they are entitled to share *pro rata* in the distribution of the insolvent's assets.

The rule that the sovereign is entitled to a preference over general creditors was always subject to one limitation, namely, that if the creditor had acquired a specific lien upon the assets of

the insolvent, such lien could not be destroyed by any preferential right which may subsequently accrue or be asserted in favor of the sovereign. (*Wise* v. *Wise Co.*, 153 N. Y. 507.) Hence, in order to extend the sovereign's common-law preferential right with respect to the corporate franchise tax and to prevent the frustration of this right by permitting or suffering the creation of liens against the taxpayer's property, the Legislature has expressly granted a lien to the State. (Tax Law, § 219-c.) The purpose of the statute is " to give certain taxes priority over prior encumbrances." (*Marshall* v. *New York*, 254 U. S. 380.) Giving effect to that purpose, it has been held the tax becomes a lien as of the date it was payable and the lien continues until it is paid regardless of the fact that the amount of the tax has not been fixed. (*Carey* v. *Keith, Inc.*, 250 N. Y. 216.)

Bearing in mind the purpose of the statute creating a lien for unpaid franchise taxes, it is clear that the statute was not intended to prefer one political subdivision over another, particularly when both enjoy equal rights in the distribution of the assets of the insolvent. Whatever effect the statute may have in advancing the lien of the State over other liens and incumbrances, it cannot disturb the right of another political subdivision to share equally with it in the assets of the insolvent.

Of course, the situation might be different if the statutory lien granted to the State had been perfected by the computation and assessment of the tax (Tax Law, §§ 219-a, 219-b), or if it had been consummated by a levy and execution (Tax Law, § 219-e). In such cases the State's lien no longer would be general or inchoate. It would be specific and perfect, and, accordingly, it would take precedence over every other sovereign right which may be asserted. (*New York* v. *Maclay*, 288 U. S. 290; *Spokane County* v. *United States*, 279 id. 80; *Matter of Ivel Displays, Inc.*, 74 F. [2d] 702.)

As far as the record here discloses, the State 1935 franchise tax against the assignor was never computed or assessed. The lien granted by statute, therefore, was never liquidated, perfected or consummated. Hence, this inchoate lien, which was created primarily for the purpose of preventing the sovereign's preference from being defeated by prior liens and incumbrances, cannot be deemed superior to the same sovereign preference which is accorded to the city in the collection of the sales tax. The city's preference is of the same dignity and springs out of the same source as the State's preference. (*Matter of Atlas Television Co., Inc.*, 273 N. Y. 51; *Matter of Rockaway Paint Centre, Inc.*, 249 App. Div. 66.) No reason exists for subordinating one to the other.

The assignee is directed to pay the balance in his possession to the city of New York and the State of New York in proportion to their respective claims and to accord neither one priority over the other.