PHILCO RADIO & TELEVISION CORPORATION OF NEW YORK, Respondent, *v.* BERNARD DAMSKY, Individually and as Administrator, etc., of ABRAHAM DAMSKY, Deceased, and MOLLIE DAMSKY and Others, Appellants.

Second Department, April 9, 1937.

*Jesse Gruber,* for the appellants.

*Edward Rager,* for the respondent.

HAGARTY, J. This is an action in equity, brought to recover the purchase price of merchandise sold to the defendant administrator, to fix individual responsibility, and to impress liability upon the assets of the estate. The question presented involves the sufficiency of the complaint.

Briefly, it is alleged that one Abraham Damsky died intestate on the 27th day of March, 1934, leaving him surviving, as his only heirs at law and next of kin, the defendants, all of whom are of full age and sound mind; that defendant Bernard Damsky, one of the sons and the duly appointed administrator of the estate, continued in the name of the estate the decedent's business after his appointment, and in the conduct of the business incurred the indebtedness involved in this action; that the purchases from the plaintiff were " at the request, permission and consent of all of the said distributees," the defendants, and resulted in a profit which appears as an asset of the estate. It is further alleged that the defendants, individually, " are financially incapable of responding to any money judgment which plaintiff may obtain against them and have not sufficient property to satisfy the amount due to the plaintiff;" that there are in the hands of the administrator sufficient funds with which to pay the amount due; and that payment out of the funds of the estate constitutes the only means of redress.

It is the general rule of law, adopted for the benefit of those interested in the distribution of an estate and resting upon the principle that death puts an end to any trade or business in which the one whose estate is being administered was engaged, that a representative of an estate has no authority *virtute officii* to continue a business, incur obligations, and thus render the estate liable. An

exception, however, is recognized in the case of testacy, where a testator has authorized or directed his executor to continue his business or trade. (*Willis* v. *Sharp*, 113 N. Y. 586.) Here, the consent of the beneficiaries, in so far as their interests in the estate are concerned, may be deemed equivalent, at least, to the authorization by a testator in his will for the purpose of fixing responsibility for debts subsequently incurred.

In *Saperstein* v. *Ullman* (49 App. Div. 446; affd., 168 N. Y. 636) it was held that an action at law against an executor, as such, could not be maintained where the language of the will was not explicit and unequivocal in permitting the executor to continue the business. But the Court of Appeals pointed out that " It may well be that an action in equity could be maintained to charge the plaintiff's claim on such property as the deceased bequeathed to the defendant with which to carry on her business."

In *O'Brien* v. *Jackson* (167 N. Y. 31) an action at law was brought against executors and trustees, as such, who had made repairs to trust property, but trust moneys were not available to pay for them. In holding that such an action would not lie, it was written (CULLEN, J.) : " While as between the executor and the person with whom he contracts the latter may rely on the contract, the beneficiaries are not concluded by the executor's act, but the propriety of the charge and the liability of the estate therefor must be determined in the accounting of the executor. In an action at law against the executor, the legatees and persons interested in the estate have no opportunity to be heard. To the general rule there are exceptions, and an equitable action can be maintained against the estate on behalf of a creditor in case of the fraud or insolvency of the executor, or when he is authorized to make an expenditure for the protection of the trust estate, and he has no trust fund for the purpose. In the latter case, if unwilling to make himself personally liable he may charge the trust estate in favor of any person who will make the expenditure. Charges against the trust estate in such cases can be enforced only in an equitable action brought for the purpose. To that action the beneficiaries and *cestuis que trust* are necessary parties. The trust estate cannot be depleted or swept away except in an action which they may defend. The defendants were personally liable on their contract with the plaintiff, but the action cannot be changed on this appeal into one against the defendants individually."

A case closely in point is *American Surety Co.* v. *McGuire* (54 Misc. 79). There, plaintiff sought an accounting of the representatives of Michael J. Moran, deceased, who, in his lifetime, had been administrator of the estate of John W. Moran, to determine

its liability, if any, particularly with respect to debts incurred by Michael in continuing John's business after the death of the latter. It was there written (CRANE, J.): " In *Williams* [*Willis*] v. *Sharp*, 113 N. Y. 586; 115 id. 396, it was held, regarding an insolvent executor, that, if he continued a business pursuant to the authority of the will, the fund invested in the business would be subject to the trade debts; but that the entire estate would be liable if the will directed in clear terms the investment and use of the general assets. * * * If the business were continued by the administrator at the request and upon the consent of all parties interested, creditors and next of kin, then, certainly, the funds of the estate thus ventured in the trade or invested in the business should, in equity, be first applied to pay the debts incurred by the venture, if the administrator prove to be insolvent."

The present action comes within the implications of the principles thus enumerated, and the complaint states a cause of action. The situation here disclosed constitutes a species of fraud which, combined with the financial inability of the parties, individually, to meet the obligation, entitles the plaintiff to payment out of the assets of the estate, subject, of course, to the rights of creditors of the intestate, if any there be. (*Willis* v. *Sharp*, 115 N. Y. 396.)

I am further of opinion that section 212 of the Surrogate's Court Act, relating to the order of payment of debts of an estate, and invoked by the appellants, is without application here, as plaintiff does not seek a preference in contravention of the provisions of that section. Further, the provisions of section 150 of the Decedent Estate Law have no application to an action of this nature.

The orders should be affirmed with ten dollars costs and disbursements.

LAZANSKY, P. J., CARSWELL, ADEL and CLOSE, JJ., concur.

Orders denying motion of defendant Bernard Damsky, individually and as administrator, and motion of the remaining defendants, to dismiss the complaint under rule 106, subdivision 5, of the Rules of Civil Practice, affirmed, with ten dollars costs and disbursements, with leave to defendants to answer within ten days from the entry of the order hereon.