## In the Matter of the Estate of Thomas G. McClatchey, Deceased.

Surrogate's Court, New York County, March 6, 1939.

*Thomas A. Madden,* for the administratrix.

*Charles Polansky,* for the objectant Hugh McClatchey.

*Charles Edward Rudolph,* for the objectant Walter B. Cooke, Inc.

*Herman Saperstein,* for Harold A. Brown, objectant.

*Blake & Voorhees,* for Sylvia Zamichiele and Marion Zamichiele, objectants.

*John J. Bennett, Jr., Attorney-General [W. Gerard Ryan, Francis R. Curran* and *Francis T. Nolan, Assistant Attorneys-General,* of counsel], for the Division of Placement and Unemployment Insurance, objectant.

*William C. Chanler, Corporation Counsel [Sol Charles Levine* and *Morris L. Heath* of counsel], for the city of New York, objectant.

DELEHANTY, S. When the account originally filed by the administratrix was under scrutiny certain objectants sought direction from the court that the operations of a corporation wholly owned by deceased be disclosed. An account of the doings of that corporation was in due course ordered and in addition the further transactions of the administratrix as such were brought down to date. As a result the court now has before it the original account, the supplementary schedules of that account and the schedules of the operations of the wholly owned corporation.

A separate proceeding was initiated under section 206-a of the Surrogate's Court Act by a person who claimed that the administratrix had in her possession money not belonging to the estate but derived from privately owned property of petitioner. In that separate proceeding an order was made requiring the segregation of the funds claimed by the third party. In due course a hearing was had in the accounting proceeding upon the claim pursuant to an order of consolidation which combined the proceeding under section 206-a of the Surrogate's Court Act with the pending accounting. In the consolidated proceeding the court determined that petitioner had established ownership of the funds in the hands of the administratrix which had theretofore been put in a separate depositary; and by appropriate order dated August 18, 1938, delivery by the administratrix of such money was directed.

The disposition of the proceeding under section 206-a of the Surrogate's Court Act left for consideration the objections to the accounts filed for the true estate and for the wholly owned corporation. Among objectants was the undertaker. In the course of the proceedings an adjustment of the undertaker's claim was reached and payment made to it with the result that no further ruling is required on its objections.

Among the objectants is a person claiming to be a creditor by reason of a claim based upon a promissory note said to have been executed by deceased on September 30, 1926. The note is outlawed concededly unless payment of interest thereon has tolled the statute. The proof in support of this claim of interest payment is too unsatisfactory to warrant credit by the court. In the case of a debt already barred the rules are strict in requiring explicit proof that the payments claimed to revive the debt were made with the purpose of recognizing and revitalizing the claim. Such proof is wholly lacking in this case. While the note is that of deceased the defense of the Statute of Limitations thereto bars any allowance. Accordingly the objections of Hugh McClatchey are dismissed.

Objections were made by Sylvia and Marion Zamichiele. These were disposed of by consent of all interested parties by allowing the claim as a general claim against the estate. Another claimant attended personally and by consent of the parties was deemed to have filed objections. She sought to establish her claim by her own oral testimony of transactions with deceased. On objection such testimony was excluded and the claim was necessarily disallowed.

The creditor who had succeeded in obtaining refund to him of money collected by the administratrix though not constituting estate assets interposed various objections to the account and

among other things objected to the continued conduct of the business of deceased by the administratrix. Formal order was made that the business be sold and in due course such sale was made and the proceeds brought into the estate. Supplemental objections were filed by this claimant and these are here disposed of. The original objection first requires no ruling since the matters there stated involved no triable issue. The operations of the wholly owned corporation have now been reported. The original objection second was disposed of by the ruling giving the fund there in controversy to objectant as his private property. Original objection third was not supported by any proof and is overruled. Original objection fourth was marked withdrawn. Original objection fifth was sustained partly by allowance of the claim in the proceeding under section 206-a of the Surrogate's Court Act and partly by allowing the balance of the claim as a general claim against the estate. Original objections sixth and seventh were withdrawn. Original objection eighth was sustained on consent. Original objection ninth requires no separate ruling. The books of the business were ordered exhibited and inspection thereof has been made. Original objections tenth and eleventh are disposed of later in connection with the supplemental objections which cover the same ground. Supplemental objection first is overruled. Supplemental objection second is overruled. Supplemental objection third is sustained to the extent of $500. Only the balance of the claimed credit, $500, is allowed as attorney fees. The services rendered by counsel for the administratrix are amply worth the amount claimed by him but they were made necessary by the conduct of the administratrix and her lack of understanding of her fiduciary duty. She is not entitled to credit beyond the amount allowed and consequently counsel must look to her for any further compensation and not to the estate. Supplemental objection fourth is overruled. Supplemental objections fifth and sixth are overruled but subject to the stipulation made by the recipients of these funds when the court ordered payment to them. The reservation contained in the order of October 22, 1938, for a payment on account of claims is applicable to these payments. Supplemental objections seventh and eighth are overruled. Supplemental objections ninth and tenth relate to the same matters as are referred to in original objections tenth and eleventh. These objections raise issue as to the propriety of a continuance of the business of deceased by his administratrix. While a temporary continuance might have been authorized if proper application had been made to the court it is apparent on the record that the administratrix undertook to carry on the business of deceased on her own initiative and because

of her expectation that she would benefit personally thereby. As a result there were losses which were computed tentatively at $1,819.52. Her counsel asks that there be credited against this apparent loss certain payments made out of gross receipts which were not taken into account in the computation which produced the figures stated above. One item deals with rent due to the landlord and another with water rents which were payable by the tenant. Both were due at death. Both of these are proper credits. They amount to $520.98. At the time of sale there was some refund of insurance premiums. This refund amounts to $40.27 and should be credited against the tentatively computed loss. The credit for a portion of the license fee is denied since the record as it stands does not show that any license fee had been prepaid for a period which extended beyond the date of sale. Other deductions claimed in the memorandum of the administratrix are not supported and are disallowed. The balance remaining after the authorized deductions are made is surcharged to the administratrix for the purpose of computing the amount payable to the objecting creditor if such creditor is found to be entitled to any payment on his general claim after payment of the claims of preferred creditors. The share if any of this creditor in the surcharge is to be paid directly by the administratrix out of her own resources and not out of estate assets. Other non-objecting creditors are bound by the account as filed. Supplemental objection eleventh is sustained on consent by amending Schedule A-1 to show a cash receipt of $850. A corresponding reduction in the value of the Kent Road Realty Company shares in Schedule B is to be made. Supplemental objection twelfth is overruled. Supplemental objection thirteenth is overruled. Supplemental objection fourteenth is sustained. Supplemental objection fifteenth is sustained on consent. The subject-matter relates to the total allowance to counsel for the administratrix and that has been disposed of by the ruling on supplemental objection third.

To the amended schedules filed by the accounting party objections were interposed by the comptroller of the city of New York and by the Commissioner of the State Unemployment Insurance Fund. Each objectant seeks to establish that he is entitled to have his conceded claims paid before those of the other objectant are honored. Each has a claim (the comptroller for sales taxes, the Commissioner for contributions to the Insurance Fund) based on transactions in the lifetime of deceased. Each has also a claim arising from transactions occurring in the business of deceased during the time of its continuance by the administratrix. The unpaid balance due the comptroller for the latter transactions

amounts to $48.80 while to the Commissioner there is a balance due for this period of $70.33. Both of these sums are administration expenses. Thus they are entitled to an absolute priority over all personal creditors of deceased. (*Matter of Phillips*, 169 Misc. 86, 87, 88.) Although the estate is insolvent its assets will suffice to pay all administration expenses. It is, therefore, unnecessary to decide whether under different financial circumstances subdivision 6 of section 522 of the Labor Law would have any bearing on the question whether the comptroller or the Commissioner could successfully claim preferential standing in this court, each as against the other, for post mortem sales taxes and contributions respectively. (Compare *Matter of Phillips, supra,* p. 91.) Accordingly the respective objections which raise that question are dismissed.

For pre-death transactions there is due to the comptroller, for sales taxes, the sum of $849.88, and to the Commissioner, for contributions to the Unemployment Insurance Fund, the sum of $90.73. Each objectant contends that absolute priority should be accorded his claim. This question is to be resolved solely in accordance with section 212 of the Surrogate's Court Act. The Labor Law is not applicable to unpaid personal obligations of deceased incurred during his lifetime and later asserted against his estate.

Contributions to the State Unemployment Insurance Fund are taxes imposed on employers. The amounts thereof are governed by the employer's payrolls. (*Chamberlin, Inc.,* v. *Andrews,* 271 N. Y. 1, 9, 10; affd., 299 U. S. 515: rehearing denied, 301 id. 714.) Though taxes as "forced contributions" from taxpayers are ordinarily to be distinguished from debts (*City of Rochester* v. *Bloss,* 185 N. Y. 42, 47), this distinction does not hold so far as the estates of deceased persons are concerned. Subdivision 2 of section 212 expressly classifies "taxes assessed on property of the deceased previous to his death" as among the "debts of the deceased" which the fiduciary is commanded to proceed with diligence to pay. This must be kept in mind in considering the definition of the term "debts" which is given in subdivision 3 of section 314 of the Surrogate's Court Act. Since, therefore, the term debts does not exclude a tax, the court holds that the tax now due to the State Unemployment Insurance Fund is a debt due to New York State and that it is, therefore, entitled to the preference accorded such debts by subdivision 1 of section 212 of the Surrogate's Court Act.

The nature of the city sales tax has been considered by the Court of Appeals at some length. (*Matter of Atlas Television Co.,* 273 N. Y. 51.) There an "assignment was made for the benefit of creditors. The city of New York filed a claim for 'taxes imposed

pursuant to the provisions of Local Law No. 24 of the City of New York for the year 1934.' The assignee allowed the claim but refused to accord it priority over claims filed by other creditors." It was held that the city was entitled to the claimed priority. LEHMAN, J., wrote (p. 57): " Whether the city is entitled to a priority *depends upon whether its claim is that of the sovereign people,* acting through the agency of the city, or is that of the city acting as a semi-private municipal corporation. Taxation is an attribute of sovereignty and the city acts as sovereign when it imposes an obligation upon its inhabitants to contribute to the expenses of government and when it collects that obligation." (Italics supplied.)

In *New York Steam Corp.* v. *City of New York* (268 N. Y. 137) there was under consideration a local law of 1933 enacted pursuant to authority conferred on the city by the State. The local law imposed an " excise tax or license fee." The proceeds of this excise taxation were earmarked for the relief of the unemployed. The court said (p. 145): " The State has here empowered its agent, the city of New York, during a fixed period, to experiment in taxation for a State purpose."

A tax analogous to the city sales tax has been held to have its source not in the local law but in the enabling act of the State. (*John Hancock Mut. Life Ins. Co.* v. *Pink,* 276 N. Y. 421, 426.) In every sense, save verbal, the unpaid city sales tax is a debt due to the State and not to the city. When paid to the city it is paid to the agent of the State and it is used for the purpose of enabling the State to perform one of its primary functions. Consequently, where, as here, such a tax becomes due in respect of transactions performed by deceased in his lifetime it is a debt due to the State of New York within the meaning of subdivision 1 of section 212 of the Surrogate's Court Act. As such a debt it is on a parity with the contributions due to the Commissioner of the Unemployment Insurance Fund. It follows that the objections whereby comptroller and Commissioner respectively undertake to get a preference each as against the other must be and in all respects are overruled. The respective debts are on a parity.

Submit, on notice, decree settling the account accordingly.