In the Matter of the General Assignment for the Benefit of Creditors of NEW YORK'S LITTLE BOHEMIA, INC., Assignor, to MURRAY WEISS, Assignee.

Supreme Court, Special Term, New York County, May 22, 1939.

*William C. Chanler, Corporation Counsel [Sol. Charles Levine* and *Morris L. Heath* of counsel], for the City of New York and the comptroller thereof.

*John J. Bennett, Jr., Attorney-General [W. Gerard Ryan, Francis k. Curran* and *Francis T. Nolan, Assistant Attorneys-General,* of counsel], for the Industrial Commissioner and the New York State Department of Labor.

PECORA, J. The assignee's motion to settle his account was heretofore granted on default. The default has been opened to permit the New York State Labor Department, Division of Placement and Unemployment Insurance, and the comptroller of the city of New York to appear and argue their respective rights as priority claimants.

The funds remaining in the hands of the assignee after the payment of administration expenses and taxes due to the United States government are not sufficient to pay both of these preferred claims. The question, therefore, arises as to which of these preferred claims is entitled to priority over the other.

The question of priorities in any given assignment for the benefit of creditors has been a constantly disturbing and complicated one because of the numerous types of claims which are granted prior-

ities by various statutes and decisions. The Federal government is given priority over all taxes by section 3466 of the Revised Statutes (U. S. Code, tit. 31, § 191). The State of New York has priority for franchise and income taxes and certain non-tax claims upon the basis of the common-law prerogative of the sovereign State to be prior to all other claims. It has been held that the State on its franchise or income tax claims and the city on its emergency relief tax claims stand on a parity. (*Matter of Paris Shoe Co., Inc.,* 165 Misc. 394, 397.) However, wage claims are entitled to priority over the city's emergency relief tax claims. (*Matter of Buchler Caterer, Inc.,* 255 App. Div. 770; affd., 280 N. Y. 518.)

The determination of priority in the instant case is governed by subdivision 6 of section 522 of article 18 of the Labor Law. The pertinent part of the section reads: " Insolvency or bankruptcy of employer. In the event of the dissolution, insolvency, composition, or assignment for the benefit of creditors, of any employer, contributions then and thereafter due from such employer under this article, together with interest and penalties thereon, if any, shall have priority over all other claims, except taxes due the United States or the State of New York, and wages due for employment performed within the three months preceding such event."

The city argues that the emergency relief tax is in the category of a State tax. (*New York Steam Corp.* v. *City of New York,* 268 N. Y. 137; *John Hancock Mut. Life Ins. Co.* v. *Pink,* 276 id. 421; *Matter of Atlas Television Co.,* 273 id. 51.) Although this contention is sound it is not controlling here because such relief taxes are not " taxes due * * * the State of New York " under the language of subdivision 6 of section 522 of the Labor Law. The fact that the relief tax is considered to have been imposed for State purposes does not overcome the express language of subdivision 6 of section 522. Such taxes are due and payable to the city of New York and not the State of New York. In *Matter of Torpedo Dress Corp. (Levine)* (N. Y. L. J. Nov. 4, 1938, p. 1479) Mr. Justice ROSENMAN reached the same conclusion in a well-considered opinion. He said: " This statute [Subd. 6, § 522] undertakes to set out a definite priority for unemployment insurance taxes over and above all other debts except those due to certain sovereignties, viz., the Federal and State governments. By reference to certain sovereignties and exclusion of one [the city] the intention of the Legislature seems clear that the city should have no priority over unemployment insurance taxes." I agree with the conclusion reached in that case.

In *Matter of McClatchey* (170 Misc. 696) the learned surrogate granted parity to the claim of the city of New York with that of

the unemployment insurance fund. In referring to the city tax he said, " it is a debt due to the State of New York within the meaning of subdivision 1 of section 212 of the Surrogate's Court Act." Also, " In every sense, save verbal, the unpaid city sales tax is a debt due to the State and not to the city." On its face, this might seem to be a holding contrary to the one reached herein. However, the the language must be considered dicta since the learned surrogate specifically disclaimed any intention to interpret subdivision 6 of section 522 of the Labor Law by stating that " This question is to be resolved solely in accordance with section 212 of the Surrogate's Court Act. The Labor Law is not applicable to unpaid personal obligations of deceased incurred during his lifetime and later asserted against his estate."

The argument urged by the city that subdivision 6 of section 522 of the Labor Law should be construed in the same manner as section 130 of the Workmen's Compensation Law is untenable. The sections are clearly distinguishable because section 130 of the Workmen's Compensation Law applies not only to the State insurance fund but in addition to private stock corporations and mutual associations organized for profit. Such private corporations certainly cannot be placed on a parity with the State of New York in its claim for contributions under the Unemployment Insurance Law.

The claim of the State of New York for contributions due under the Unemployment Insurance Law (Labor Law, §§ 500–531) is, therefore, granted a priority over the claim of the city of New York for emergency relief taxes. Settle order.