Maximilian Moss, S.
In this accounting proceeding the court is required to make a determination as to the manner of payment to creditors and priorities to be accorded. In Schedule D-l of her account, the administratrix designated seven general creditors of deceased as “ Preferred Creditors ” together with the United States Internal Revenue Bureau, New York State Tax Commission and City of New York. The United States Government filed its claim for unpaid income taxes. A stipulation entered into on behalf of the City of New York provides for its claim for sales taxes.
The United States Code (tit. 31, ch. 6, § 191) provides that whenever the estate of any deceased debtor, in the hands of executors or administrators, is insufficient to pay all the debts due from the deceased, the debts due to the United States shall be first satisfied. This priority is further established by sub *397 division 1 of section 212 of the Surrogate’s Court Act, and has long been acknowledged (Matter of Phillips, 169 Misc. 86, 90, citing opinion of Chief Justice Marshall in United States v. Fisher, 2 Crunch [6 U. S.] 358, 395 [1805]). Similarly, the City of New York is entitled to priority in the payment of its claim for unpaid sales taxes since the unpaid sales tax is a debt due the State (Matter of McClatchey, 170 Misc. 696, 701; Matter of Brown Print Co., 285 N. Y. 47). The remaining creditors named in Schedule D-l, share pro rata, being general creditors within. the same class, 'there is no preference among them (Woodruff v. Claflin Co., 198 N. Y. 470, 473). Payments to creditors shall be made as herein directed.
Settle decree on notice.