John J. Dillon, S.
In this accounting by the administratrix of an insolvent estate the priority of tax claims must be determined.
There is no doubt that the claim for taxes payable to the United States is entitled to first priority, and that the claims for State and city taxes are entitled to a preference before the claims of general creditors. (Surrogate’s Ct. Act, § 212.) The court must determine the priority, if any, of State income and unemployment taxes over the City of New York business tax.
While it might be assumed that the State would necessarily be entitled to priority over the city, because of its superior sovereignty, that distinction has not always been observed by the courts. In Matter of McClatchey (170 Misc. 696, 701) the court determined that debts for city sales taxes and contributions to the State Insurance Fund were on a parity. In arriving at that conclusion it was said that: “A tax analogous to the city sales tax has been held to have its source not in the local law but in the enabling act of the State. (John Hancock Mut. Life Ins. Co. v. Pink, 276 N. Y. 421, 426.)” The court went on to say that in collecting a sales tax, the city acts as an agent of the State.
Matter of Brown Print. Co. (285 N. Y. 47) is distinguishable for in that case the court based its decision on a finding that the State Legislature intended that claims by the city for emergency relief taxes should share equally with other tax *985 claims by the State. la that case the Court of Appeals also noted that the funds collected by the city were to be deposited not in the city’s general fund but in a separate bank account and used solely for purposes of relief from suffering caused by unemployment. (See, also, Matter of Atlas Television co., 273 N. Y. 51.)
The business tax of the City of New York for which a claim is interposed in this estate is imposed by title B of chapter 46 of the Administrative Code of the City of New York. The authority for the city to impose such a tax is article 2-B of the General City Law of the State of New York. Section 24-c of that article provides that the revenues resulting from the imposition of the business tax be deposited in the general fund for general fiscal uses. The court, therefore, finds that by the very nature of the business tax and the regulations pertaining thereto the situation here is unlike those considered in the above cases. The State of New York has priority for income tax claims over all other claims, save those of the United States. (Matter of New York’s Little Bohemia, Inc., 171 Misc. 236.) State unemployment insurance taxes have been given priority by section 574 of the Labor Law.
The court reaches the conclusion that the State’s claims for income taxes and unemployment contributions are entitled to priority of payment over the claim of the city for unpaid general business taxes. However, the latter is entitled to a preference over the other general creditors listed in the account.
Settle decree.