Frank D. Paulo, S.
The administratrix, Beatrice Bolitiere, has filed her account of proceedings in the estate of Adele Blaszkiewicz, deceased, and seeks a judicial settlement thereof, as well as a judicial determination of her personal claims against the estate and of certain disputed claims against the estate. Objections have been filed to this account by Joseph and Francis Blaszkiewicz, brothers of the decedent. Subsequent to filing his objections, Joseph Blaszkiewicz died. Limited letters of administration were issued by this court to Hattie Blaszkiewicz, his wife, limited to litigating the issues raised by objections filed in the estate of Adele Blaszkiewicz.
Upon the hearing of the objections, it was stipulated that Hattie Blaszkiewicz, as administratrix of the estate of Joseph Blaszkiewicz, be substituted for said Joseph Blaszkiewicz as an objectant, and that the objections filed on his behalf be withdrawn. It was further stipulated and agreed that the objections filed on March 7,1961, on behalf of Francis Blaszkiewicz also be deemed to be the objections of Hattie Blaszkiewicz, as administratrix of the estate of Joseph Blaszkiewicz, deceased.
The proof presented at the hearing of the objections establishes that decedent, at the time of her death, was operating a tavern known as the “Busy Bee” at 16-18 Jewett Avenue, Staten Island. Shortly after decedent’s death, Beatrice Bolitiere, who later was to be appointed administratrix, held a conference with her sisters, Casimere Zuchnoski, Harriet Kopycinski and Victoria Jaques. The other heirs at law, the brothers of the decedent, the objectants herein, were not invited to attend this conference and were not present. In spite of the fact that counsel who was present at the meeting advised against it, decedent’s sisters, in conference assembled, decided to continue *885 operating the business. They agreed that Sue Haberek, who had been employed in the tavern by decedent, was to act as manager. Thereafter a joint bank account was opened in the name of Sue Haberek and Beatrice Bolitiere and some, at least, of the income of the business was deposited in this account. In this manner the tavern was operated throughout the Summer from the date of decedent’s death until September 10, 1957.
On September 4, 1957, Beatrice Bolitiere was appointed administratrix. On September 10 she assumed full and more formal responsibility for the operation of the business and continued operating it until the end of October, 1957, when, at last, the business was shut down for good.
The administratrix must be held responsible for continuing decedent’s business from the date of death until it was closed down on October 30, 1957.
It is the long-established duty of an administratrix to marshal the assets, reduce them to cash, pay the obligations of the estate in accordance with the priority mandated by the statutes and then to distribute the residue, if any, to the distributees. The fact that decedent owned a business when she died does not alter these basic responsibilities of the administratrix.
A fiduciary may not continue the operation of a decedent’s business without explicit and specific authority (Willis v. Sharp, 113 N. Y. 586). The required authority might be found in decedent’s will (Columbus Watch Co. v. Hodenpyl, 135 N. Y. 430; Matter of Friedlander, 189 App. Div. 90) or in the consent of all the interested parties, including creditors (Philco Radio & Tel. Corp. v. Damsky, 250 App. Div. 485). Under unusual circumstances, perhaps, the Surrogate might entertain an application by an administrator seeking permission to continue the business. (Surrogate’s Ct. Act, § 215.) Here we find none of these. There is some authority for the proposition that a representative, even without authority, may be justified in continuing decedent’s business for a short time in order to sell it as a going concern (Matter of Ridosh, 5 A D 2d 67). But this exception to the general rule, if such it be, cannot be invoked to justify the administratrix in the instant case. The evidence indicates that she made no efforts to sell the business for several months and her motive, at least initially, was to run the business in order to earn money to pay decedent’s debts. Duty does not require, nor privilege permit an administratrix to do this (Matter of Glass, 134 Misc. 291).
In spite of the fact that the administratrix acted without legal justification in continuing decedent’s business, had the business shown a profit, the estate would be entitled to claim it (Matter of *886 Peck, 79 App. Div. 296). However, the court concludes that no profit was made.
Objectants alleged that administratrix failed to state in her account all of the receipts from the business. In only three aspects, however, did they sustain their burden of proof. The court is satisfied that in addition to the receipts admitted by administratrix, for the purpose of determining profit or loss, she must be charged with: (1) the estimated receipts for the week from October 17, through October 23, 1957; (2) the estimated receipts from the coin-operated machines for the periods when the records of the business show none; and (3) the balance due from Sue Haberek for the moneys of the business lost in a fire and not repaid.
Objectants also challenged the propriety of a number of the expenditures made by administratrix in connection with the business. The court finds, at least for the purpose of determining profit or loss, that all the expenditures made and obligations incurred by the administratrix in connection with the business were proper.
When the gross receipts of the business, augumented by the items shown above, are balanced against the expenses, paid and unpaid, it is apparent that the administratrix in addition to running an unauthorized business, was running an unprofitable one.
Even when a fiduciary continues a decedent’s business with authority he is individually liable for all contracts and obligations incurred in the operation of the business (Willis v. Sharp, 113 N. Y. 586, supra; Austin v. Munro, 47 N. Y. 360). He may be entitled to reimbursement if he acted prudently, but nevertheless the obligations are primarily his (Hamlin v. Smith, 72 App. Div. 601). Certainly then, an unauthorized fiduciary is also personally liable for all contracts and debts of the business. If the business, as here, sustains losses, she must personally endure them, without any right of reimbursement (Manhattan Oil Co. v. Gill, 118 App. Div. 17; Matter of Glass, supra). For this reason the court concludes that the receipts and expenditures of the business for the period subsequent to decedent’s death must be excluded from the account of proceedings of the administratrix (Matter of Peck, 79 App. Div. 296, 299).
The administratrix was justified in using the receipts of the business to pay the expenses of the business but she was not justified in using, as she did, the general assets of the estate for this purpose. Even a fiduciary acting with authority may not do this except under special circumstances (Willis v. Sharp, 134 *887 Misc. 291, supra; Thorn v. De Breteuil, 179 N. Y. 64). To the extent that she used the general assets of the estate for obligations of the business, administratrix must reimburse the estate.
The administratrix has charged herself in Schedule “A” of her account with the value of the fixtures and the estimated value of the stock on hand. This is as it should be. The object-ants claim that she should also have included the value of the good will associated with the business; but if in fact there was any good will, objectants have failed to prove it.
In accordance with the foregoing, the court reconstructs the account of proceedings of the administratrix as follows:
Schedule 11 A ”: Total — $1,921.95, being composed of the value of the fixtures at the date of death ($1,300); the value of the stock on hand at the date of death ($300); the proceeds of the health and accident policy ($301.10); and the balance in decedent’s checking account ($20.85).
Schedule 1 1 A-l ’ ’: Total — none. The claim against Joseph Blaszkiewicz for his alleged breach of the agreement to purchase the business was withdrawn by consent at the hearing.
Schedule 11 A-2 ”: Total — none.
Schedule 11 B Total — $893, representing the loss suffered when in 1961 the administratrix sold the fixtures of the business for $407 at public auction.
Schedule 1 ‘ B-l ’ ’: Total — none.
Schedule 11 C ”: Total — $45. Only the two doctors ’ bills are properly included in this account.
Schedule 1 1 0-1 ’ ’: Total — $940.05, being composed of the unpaid balance of the funeral bill ($645) and the fee and some of the disbursements of Lloyd it. Christopher, Esq. ($295.05). The court disallows $90 of the disbursements made by counsel on the grounds that it represents disbursements made for the business.
Schedule1 c D ”: Total — $22, being the hospital bill. The claim of Joseph Blaszkiewicz was withdrawn at the hearing.
Schedule 11 D-l Total — $405.75, plus interest to the date of payment, at 6%.
Schedule 11 D-2 Total — $500, being the amount advanced by the administratrix in part payment of the funeral bill.
Schedule 11 D-3 ’ ’: Total — none.
Schedule 11 E ”: Total — none. It would appear that the decedent owed various debts at the date of her death but there has been a complete failure of proof as to the identity of the creditors and the amounts of their claims.
Schedule 11F Total — none.
*888 Schedule “ G ”: Total — $1,876.95, computed as follows: value of fixtures $1,300; value of stock on hand $300; cash remaining $276.95. Administratrix received $321.95 in cash (see Schedule “ A ”). The only proper payments made were the two doctors’ bills totaling $45.
Schedule “ H ”: Approved as set forth in the account of proceedings.
Schedule “I”: Approved.
Schedule “ J ”: Total — none. The court disallows any claim made by the administratrix for commissions.
The court surcharges the administratrix the sum of $215.85, being the difference between the cash on hand as stated in Schedule “ G ” of her account of proceedings ($61.10) and the cash on hand as shown in the above reconstructed account ($276.95). The administratrix is also surcharged in the sum of $893, being the loss suffered by the estate by reason of the unreasonable delay in reducing the fixtures of the business to cash.
The court directs the administratrix to make the following payments in the following order of priority: (1) to Lloyd R. Christopher, Esq., $295.05; (2) to Meislohm Funeral Home, $645; (3) to George J. Schneider, $193.45 with interest at 6% from February 16,1956, to the date of payment; (4) to F & M Schaefer Brewing Company, $162.70 with interest at 6% from August 31, 1959, to the date of payment; (5) to St. Vincent’s Hospital, $22; (6) to Beatrice Bolitiere, $500.
In view of the fact that the payments directed above will exhaust the assets of the estate including surcharges, the object ants, unfortunately, receive nothing. The rule of law which provides that only objecting parties may benefit from a surcharge of the representative, must give way to the policy demonstrated by the statutes conferring priority on administration expenses, funeral bills and the judgments and debts of the decedent.