In the Matter of the Estate of Gordon C. Begent, Sr., Deceased. Harold D. Hall, as Administrator C. T. A., Appellant; United States of America, Respondent.

Third Department, October 27, 1971.

*Donovan, Graner, Davidson & Burns (D. Bruce Crew, III, of counsel), for appellant.*

*Fred B. Ugast, Acting Assistant Attorney General (Wesley J. Filer and James M. Sullivan, Jr., United States Attorney, Northern District of New York, of counsel), for respondent.*

Staley, Jr., J. This is an appeal from an order of the Surrogate's Court of Tompkins County, entered March 8, 1968, which provided that the claim of the United States of America for taxes incurred in the operation of the decedent's dairy business by the executor of the estate was entitled to priority over other debts of the decedent, Gordon C. Begent, Sr.

At the time of his death on October 6, 1959, Gordon C. Begent, Sr., owned a dairy farm and retail dairy outlet in Tompkins County. His last will and testament named his son, Gordon C. Begent, Jr., as his sole beneficiary and executor of his estate. The executor without authority under the will continued to

operate the business of the decedent apparently without objection on the part of the creditors of the estate, until April 30, 1964 when Harold D. Hall, a major creditor, filed a petition to compel the executor to account. On August 12, 1964, the executor filed an account, and thereafter he petitioned for leave to resign, and Harold D. Hall petitioned for letters of administration with the will annexed. Upon these petitions a decree was made permitting the executor to resign, and appointing Harold Hall as administrator, c. t. a.

The administrator then proceeded to liquidate the estate. On November 24, 1964 he filed his account with a petition requesting judicial settlement. Objections to the account were filed on behalf of many creditors. A major issue in the accounting proceedings was the status of creditors existing at the time of death and those which became creditors subsequent thereto by reason of the continuance of the business by the executor.

The United States of America filed a claim for unpaid Federal withholding, social security and unemployment taxes for the years 1961 through 1964 while the business was operated by the executor. The United States contends that these taxes are expenses of administration, and are entitled to preference. The administrator contends that, since the executor continued the business of the decedent without authority, all debts incurred subsequent to death, including Federal taxes, were the personal debts of the executor, and that the pre-death creditors are entitled to be paid first.

The Surrogate decided that the United States was entitled to a preference upon the ground that its claim constituted an administration expense.

The general rule is that death terminates any trade or business which the deceased was engaged in at the time of his death, and that an executor, absent any authorization or direction in the testator's will, has no authority to continue such trade or business except for the temporary purpose of converting the assets into money (*Willis* v. *Sharp,* 113 N. Y. 586), and a debt contracted by the executor does not bind the estate which he represents even though contracted for the benefit of the estate. (*Matter of Wolf,* 87 N. Y. S. 2d 327.)

Taxes are not contracted debts, but are imposed by statute. It is the operation of the business as an estate asset which gives rise to the estate's liability for the taxes which liability may not be avoided even though the executor may have exceeded his authority in the operation of the business. The taxes in question, having been imposed upon the estate during the administration of the estate, must be classified as administration expenses.

(*Matter of Phillips*, 169 Misc. 86; *Matter of McClatchey*, 170 Misc. 696; *Matter of Henke*, 39 Misc 2d 705.)

In *Matter of Henke* (*supra*), the decedent named his widow as sole beneficiary and executrix under his will. The main asset of the estate was a retail bakery business which the widow continued to operate after her husband's death. During the continuation of the business, Federal withholding, unemployment and social security taxes accrued and were unpaid along with State unemployment insurance taxes and New York City withholding taxes. The Surrogate granting a preference for these claims stated at page 707 as follows: " The court agrees with the position taken by these three governmental agencies that the amounts due them for various taxes incurred during the continuance of the business by the executrix, were incurred during administration and are administration expenses entitled to preference over all claims based upon a debt of the deceased ".

Further, the creditors of the decedent permitted the continuation of the business from October 6, 1959 to April, 1964, although they had the power to compel an accounting pursuant to section 253 of the former Surrogate's Court Act, or bring a proceeding to compel payment of their debts, pursuant to section 217 of the former Surrogate's Court Act. They, thus, impliedly consented to the continuation of the decedent's business.

The order should be affirmed, without costs.

HERLIHY, P. J., AULISI, COOKE and SWEENEY, JJ., concur.

Order affirmed, without costs.