OPINION OF THE COURT
Shanley N. Egeth, J.
Following receipt of petitioner’s proposed order based upon the decision herein, dated October 15, 1979, this court has taken the occasion, sua sponte, to reconsider the determination made therein, and has found the same to be in error. Accordingly, said decision is recalled, and nullified, and the following is substituted in lieu thereof.
In this proceeding for settlement of the account of petitioner as assignee for the benefit of creditors of an insolvent debtor, it appears, first of all, that the order settling such account erroneously failed to provide for an allowance to petitioner’s counsel for his disbursements in the sum of $123.03. Such disbursements are hereby allowed as an administration expense, and said order shall be deemed amended accordingly.
It further appears that, after payment of the assignee’s administrative expenses, the claims of the Federal Government and the preferred wage claims (which expenses and claims have priority over all others) the balance available for distribution will be insufficient to fully satisfy the claims of other creditors also entitled to a priority, albeit of lower rank. Petitioner has received a claim from the New York State Tax Commission for income withholding taxes in the amount of $3,644.71, from the Industrial Commissioner of the State of New York for contributions for unemployment insurance in the amount of $1,944.72, from the Director of Finance of the City of New York for commercial rent and occupancy taxes, general corporation taxes and New York City income withholding taxes in the total amount of $3,131.37, and claims from the Insurance Company of North America and Zurich Insurance Company for workers’ compensation insurance premiums in the amounts respectively, of $10,819.72 and $7,792.05. Since each of these preferred claims substantially exceeds the amount available for distribution, the assignee has requested this court to determine whether any of them is entitled to priority over the other, and if so, the order of such priority.
At the outset, this court notes that there is presently considerable confusion and uncertainty in the decisional law regarding the question of priority applicable to tax claims *730 between the State and City of New York, and that some degree of clarification is sorely needed.
In the instant proceeding, the Attorney-General, relying on Matter of Solomon (18 Misc 2d 984) and Matter of Colwin (98 Misc 2d 676), asserts that the State’s claims for income taxes and unemployment insurance contributions are entitled to priority over the income and other tax claims of the city. The Corporation Counsel, on the other hand contends in substance, that the provisions of section 574 of the Labor Law are controlling, and that said section must be regarded as evidence of an intent by the Legislature to relinquish, the State’s common-law preference based upon its prerogative right as a sovereign, at least where claims for unemployment insurance contributions are asserted against assignees for the benefit of creditors.
This is a case where a claim for unemployment insurance contributions has been asserted against an assignee for the benefit of creditors. This court holds that section 574 of the Labor Law is, by its express terms, clearly applicable and controlling. Subdivision 1 of that section specifically provides for parity between unemployment insurance contributions and "taxes (other than real property taxes) * * * due the State of New York or any city thereof’. It makes no attempt to draw any distinctions whatever (except, of course, with regard to real property taxes — not here involved [see, in this connection, Blaikie & Co. v City of New York, 41 Misc 2d 371, affd 14 NY2d 11]) between the city and State taxes to which it has reference. Moreover, since it provides that unemployment insurance contributions are to be accorded parity with both State and city taxes, the statute obviously contemplates that the latter are to be accorded parity vis-á-vis one another.
The cases relied on by the Attorney-General are inapposite to the case at bar. Both of the cited cases involve priorities of creditors of decedents’ estates, which are therefore governed by SCPA 1811. Subdivision 2 thereof fixes the order of preferences applicable to the respective creditors or classes of creditors of the decedent. The estate preferences differ markedly from those prevailing in bankruptcy proceedings or in proceedings, such as this, involving assignment by insolvent debtors for the benefit of their creditors. In Matter of Mc-Clatchey (170 Misc 696) Surrogate Delehanty squarely held that the question of the priority to be accorded to the State’s claim, against the decedent’s estate for unemployment insur *731 anee contributions was to be resolved "solely” in accordance with the provisions of the precursor to SCPA 1811 (subd 2, par [a]), and that "[t]he Labor Law is not applicable to unpaid personal obligations of deceased incurred during his lifetime and later asserted against his estate” (Matter of McClatchey, supra, at p 700; to the same effect see Matter of McCoy, 157 Misc 281, at p 287). This latter distinction was thereafter specifically noted by this court in Matter of New York’s Little Bohemia 9171 Misc 236), a case involving an assignment for the benefit of creditors. There, the predecessor to what is now section 574 of the Labor Law was expressly held to be applicable, and was used as a basis for distinguishing the court’s finding as to priority from that made by the Surrogate in McClatchey (supra).*
Finally, for the reasons indicated in Matter of Torpedo Dress Corp. (176 Misc 60, affd 259 App Div 994, mot for lv to app den 259 App Div 1076, affd 285 NY 626, rearg den 285 NY 741) and in Matter of New York’s Little Bohemia (supra), is it concluded that the claims of the insurance carriers under section 130 of the Workers’ Compensation Law must be relegated to a lower level of priority than those here asserted by the State and city.
Accordingly, after payment of his administrative expenses, the claims of the Federal Government and the preferred wage claims, the assignee is directed to pay the claims of the State for income taxes and unemployment insurance contributions and the claims of the city for commercial rent and occupancy, *732 general corporation and personal income taxes, on a pro rata basis, out of the balance of the funds remaining in his hands.

 The actual holding of Little Bohemia differs from the holding of this court, as this court’s holding is based on the statute in its present form, which differs from the one before the Little Bohemia court.
The decision of the Surrogate in Matter of Solomon (18 Misc 2d 984, supra) would superficially appear to lend support to the argument advanced by the Attorney-General herein. Although the result concerning priorities was correctly determined in Solomon, the Surrogate improvidently based the decision on the inapplicable Labor Law. Proper application of the relevant SCPA sections were supportive of the holding in the case. In actuality, the appropriate application of the then applicable Labor Law provision would have mandated a different result than that found by the Surrogate. The Labor Law provision erroneously relied upon, had no relevance in this Surrogate’s Court proceeding. The later Colwin case (98 Misc 2d 676) also relied upon by the Attorney-General, actually (but inferentially), lends credence to the argument that the court in Solomon improperly relied upon an inapplicable Labor Law section. This is readily discernible from Surrogate Midonick’s discussion of the legislative intent in enacting SCPA 1811, while failing to incorporate parities already set forth in section 574 of the Labor Law or in section 104 of title 11 of the United States Code (Bankruptcy Act), and instead creating its own statutory priorities applicable to estate proceedings.