OPINION OF THE COURT
Millard L. Midonick, J.
The executrix widow in this proceeding to judicially settle her account requests directions as to the distribution of the available funds to creditors and for approval of attorney fees, accountant fees and other ordinary administration expenses. No interested parties have appeared.
In the account the total assets collected are $106,247.98. The liquidated and unliquidated claims exceed $289,000 of which $92,198.67 is owed to the Internal Revenue Service (IRS) for the decedent’s past due income taxes before his death and of which $33,154.36 and $9,289.97 are owed to the IRS and State of New York, respectively, for taxes on what appears to be entirely Internal Revenue Code (IRC) assets (US Code, tit 26, § 691), those assets collected after death which are taxed as income to the estate but which are principal for accounting purposes. Petitioner seeks advice and directions as to whether to pay the State of New York $9,289.97 due on the 1979 fiduciary income tax return as administration expenses or to simply pay to the IRS all of the assets remaining after payment of the itemized administration expenses.
No one has presented a case on point and the court is unaware of any decision which resolves this issue on the facts herein. However, there are numerous instances wherein State taxes charged against a decedent’s business, *236 which is continued by the fiduciary of the estate, are treated equally with Federal claims both of which arise out of the continuation of that business and are termed administration expenses (Matter of Begent, 37 AD2d 310; Matter of Henke, 39 Misc 2d 705; Matter of McClatchey, 170 Misc 696; Southern Ry. Co. v United States, 306 F2d 119; Matter of Pressed Steel Car Co. of N.J., 100 F2d 147). Each of these cases recognized the fact that the United States has priority for debts due from an insolvent decedent (United States v Texas, 314 US 480; Spokane County v United States, 279 US 80; US Code, tit 31, § 191) but each of them pointed out that expenses during administration have priority over debts of any kind, including United States claims.
Based upon these cases and the above principles of law, it is clear that the State taxes in question herein are administration expenses and are not debts of decedent. Even the United States recognizes this fact by taxing the assets in question as income to the estate (US Code, tit 26, § 691) which makes that tax a cost of administration. “[L]o-cal taxes which arise in the course of administration may be paid as part of the administration expenses even though not entitled, qua taxes, to priority over the federal claims.” (Ferguson, Fiduciary’s Personal Liability for Federal Taxes of the Decedent and His Estate: The Problems of Distribution and Partial Distribution, 25 NYU Inst on Fed Taxation 1185, 1203.)
Accordingly, the executrix is directed to provide for payment of the New York State fiduciary income taxes. There being no objections to the account it is approved. Counsel fees, disbursements and accountant fees are fixed and allowed as requested.