[997 NYS2d 761]

In the Matter of the Estate of RAYMOND C. HAMMOND JR., Deceased. JEFFREY S. HAMMOND et al., as Executors of RAYMOND C. HAMMOND JR., Deceased, Appellants; KEVIN M. HAMMOND, Respondent, et al., Respondent.

Third Department, November 20, 2014

### APPEARANCES OF COUNSEL

· *Slye & Burrows*, Watertown (*Robert J. Slye* of counsel), for appellants.

*Conboy, McKay, Bachman & Kendall, LLP*, Watertown (*Peter L. Walton* of counsel), for Kevin M. Hammond, respondent.

### OPINION OF THE COURT

CLARK, J.

Petitioners are the executors of the estate of Raymond C. Hammond Jr. (hereinafter decedent), who died in 2005. Decedent's will, among other things, left his residuary estate to his three sons, petitioner Brian K. Hammond, petitioner Jeffrey S. Hammond and respondent Kevin M. Hammond, as well as his two stepsons, George Beaulieu and respondent Paul A. Beaulieu (hereinafter collectively referred to as the beneficiaries). At the time of his death, decedent operated a solely-owned business that petitioners subsequently continued to operate for several years, allegedly with the consent of the beneficiaries, including respondents.

In 2010, petitioners sought the judicial settlement of the estate and submitted their final accounting. Respondents individually objected and thereafter moved for summary judgment on the grounds that (1) petitioners should have included certain bank accounts in the accounting for the estate, and (2) because petitioners continued to operate decedent's solely-owned retail business without authorization in the will or the court's approval, they were, as a matter of law, individually liable for the losses thereafter sustained by the business. Following petitioners' opposition, Surrogate's Court denied respondents' motion, finding that material issues of fact existed with regard to both grounds, but nonetheless determined that petitioners would be individually liable for any losses sustained by the business that could be proven at trial. Thus, for purposes of our review, we will deem respondents' motion to have been partially granted. Petitioners now appeal.

Petitioners' only contention on this appeal is that Surrogate's Court erred in partially granting respondents' motion for summary judgment with respect to their liability for losses incurred by decedent's sole proprietorship. We agree.

"The general rule is that death terminates any trade or business which the deceased was engaged in at the time of his [or her] death, and that an executor, absent any authorization or direction in the testator's will, has no authority to continue such trade or business except for the temporary purpose of converting the assets into money, and a debt contracted by the executor does not bind the estate which he [or she] represents even though contracted for the benefit of the estate" (*Matter of Begent*, 37 AD2d 310, 311 [1971] [citations omitted]; *see Willis v Sharp*, 113 NY 586, 589-590 [1889]; *see also* SCPA 2108).

However, inasmuch as the alleged consent of the beneficiaries here may be deemed to be equivalent "to the authorization by a testator in his [or her] will for the purpose of fixing responsibility for debts subsequently incurred" (*Philco Radio & Tel. Corp. of N.Y. v Damsky*, 250 App Div 485, 487 [1937]; *see Matter of Blaszkiewicz*, 33 Misc 2d 884, 885 [Sur Ct 1962]), an issue of fact exists and summary judgment should have been denied in its entirety.

Peters, P.J., Stein, Rose and Egan Jr., JJ., concur.

Ordered that the order is modified, on the law, without costs, by reversing so much thereof as partially granted respondents' motion; motion denied in its entirety; and, as so modified, affirmed.