*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 20, 2014                    518364
_____

In the Matter of the Estate of
    RAYMOND C. HAMMOND JR.,
    Deceased.

JEFFREY S. HAMMOND et al.,
    as Executors of the Estate
    of RAYMOND C. HAMMOND JR.,
    Deceased,                                OPINION AND ORDER
                    Appellants;

KEVIN M. HAMMOND,

                    Respondent,
                    et al.,
                    Respondent.

_____

Calendar Date:   October 14, 2014

Before:   Peters, P.J., Stein, Rose, Egan Jr. and Clark, JJ.

                    _____

        Slye & Burrows, Watertown (Robert J. Slye of counsel), for
appellants.

        Conboy, McKay, Bachman & Kendall, LLP, Watertown (Peter L.
Walton of counsel), for Kevin M. Hammond, respondent.

                    _____

Clark, J.

        Appeal from an order of the Surrogate's Court of St.
Lawrence County (Rogers, S.), entered April 19, 2013, which,
among other things, partially granted respondents' motion for
summary judgment sustaining one of their objections to
petitioners' accounting.

Petitioners are the executors of the estate of Raymond C. Hammond Jr. (hereinafter decedent), who died in 2005. Decedent's will, among other things, left his residuary estate to his three sons, petitioner Brian K. Hammond, petitioner Jeffrey S. Hammond and respondent Kevin M. Hammond, as well as his two stepsons, George Beaulieu and respondent Paul A. Beaulieu (hereinafter collectively referred to as the beneficiaries). At the time of his death, decedent operated a solely-owned business that petitioners subsequently continued to operate for several years, allegedly with the consent of the beneficiaries, including respondents.

In 2010, petitioners sought the judicial settlement of the estate and submitted their final accounting. Respondents individually objected and thereafter moved for summary judgment on the grounds that (1) petitioners should have included certain bank accounts in the accounting for the estate, and (2) because petitioners continued to operate decedent's solely-owned retail business without authorization in the will or the court's approval, they were, as a matter of law, individually liable for the losses thereafter sustained by the business. Following petitioners' opposition, Surrogate's Court denied respondents' motion, finding that material issues of fact existed with regard to both grounds, but nonetheless determined that petitioners would be individually liable for any losses sustained by the business that could be proven at trial. Thus, for purposes of our review, we will deem respondents' motion to have been partially granted. Petitioners now appeal.

Petitioners' only contention on this appeal is that Surrogate's Court erred in partially granting respondents' motion for summary judgment with respect to their liability for losses incurred by decedent's sole proprietorship. We agree.

> "The general rule is that death terminates any trade or business which the deceased was engaged in at the time of his [or her] death, and that an executor, absent any authorization or direction in the testator's will, has no authority to continue such trade or business except for

the temporary purpose of converting the
assets into money, and a debt contracted
by the executor does not bind the estate
which he [or she] represents even though
contracted for the benefit of the estate"
(Matter of Begent, 37 AD2d 310, 311 [1971]
[citations omitted]; see Willis v Sharp,
113 NY 586, 589-590 [1889]; see also SCPA
2108).

However, inasmuch as the alleged consent of the beneficiaries
here may be deemed to be equivalent "to the authorization by a
testator in his [or her] will for the purpose of fixing
responsibility for debts subsequently incurred" (Philco Radio &
Tel. Corp. of N.Y. v Damsky, 250 App Div 485, 487 [1937]; see
Matter of Blaszkiewicz, 33 Misc 2d 884, 885 [Sur Ct 1962]), an
issue of fact exists and summary judgment should have been denied
in its entirety.

    Peters, P.J., Stein, Rose and Egan Jr., JJ., concur.

    ORDERED that the order is modified, on the law, without
costs, by reversing so much thereof as partially granted
respondents' motion; motion denied in its entirety; and, as so
modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court